IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA,

v.                                                              CASE NO.: 4:22-cr-84

BERNARD OKOJIE

## ORDER AND REPORT AND RECOMMENDATION

This matter is before the Court on various pre-trial motions. Docs. 29–39, 42. The motions are fully briefed. Docs. 43, 44. The Court held a hearing on two of Defendant's Motions on November 2, 2022. The matters are fully briefed and ripe for resolution. For the following reasons, I **GRANT as unopposed** the following motions:

1. Defendant's Motion for Rule 807 Residual Exception Disclosure, doc. 30.

2. Defendant's Motion for Information Regarding Bad Prior Acts by Defendant and Coconspirators, doc. 31.

3. Defendant's Motion for Copy of Defendant's Statements, doc. 32.

4. Defendant's Motion for Notice by the Government of Intention to Use Evidence, doc. 33.

5. Defendant's Motion for Co-Conspirator's Hearsay Exceptions, doc. 34.

6. Defendant's Motion to Determine Voluntariness of Statements, doc. 35.

7. Defendant's Motion to Preserve Evidence, doc. 36.

8. Defendant's Motion for Substance of Promises or Plea Bargains, doc. 37.

9. The Government's Motion for Reciprocal Discovery, doc. 42.

Additionally, I **DENY** Defendant's Motion for a Pre-Trial James Hearing. Doc. 38. I **DENY in part** and **GRANT in part** Defendant's Motion to Interview Government Informants. Doc. 39. I also **RECOMMEND** the Court **DENY** Defendant's Motion to Dismiss. Doc. 29.

## BACKGROUND

On June 9, 2022, Defendant was indicted on three separate counts based on allegations he submitted or caused to be submitted fraudulent applications for Economic Injury Disaster Loans ("EIDL") and Payroll Protection Program ("PPP") loans.  Doc. 3.  The three counts are: Count One, conspiracy to commit wire and bank fraud, in violation of 18 U.S.C. § 1349; Count Two, wire fraud, in violation of 18 U.S.C. § 1343, and; Count Three, money laundering conspiracy, in violation of 18 U.S.C. § 1956(h).  Doc. 3.  The parties filed 12 Motions—Defendant filed 11 Motions and the Government filed 1.  Docs. 29–39, 42.  The parties filed a joint status report requesting oral argument on two of Defendant's motions.  Doc. 45.  No evidentiary hearing was requested or conducted.  Id.  The Court held a hearing on Defendant's motions on November 2, 2022, where the parties presented oral argument.

## DISCUSSION

**I.** **Unopposed Motions (Docs. 30, 31, 32, 33, 34, 35, 36, 37, 42)**

The parties' joint status report states the following motions are unopposed: Defendant's Motions for Rule 807 Residual Exception Disclosure, doc. 30; Defendant's Motion for Information Regarding Bad Prior Acts by Defendant and Coconspirators, doc. 31, and; Defendant's Motion to Preserve Evidence, doc. 36.  Doc. 45.  Additionally, at the November 2, 2022 hearing, Defendant confirmed he did not oppose the Government's sole Motion for Reciprocal Discovery.  Therefore, the Court **GRANTS as unopposed** these four motions.  Docs. 30, 31, 36, 42.

The parties' status report states the Government opposes "in part" several of Defendant's motions, which seek various items and information.  Doc. 45 (stating the motions at docs. 32, 33, 34, 35, 37 are opposed only in part).  In its response, the Government states it has "provided

expanded discovery in this case," has complied with all of its discovery obligations, and will disclose any later-acquired information it is obligated to disclose. Doc. 43 at 4–5. The Government further states it understands its obligations under Federal Rule of Evidence 801 and will comply with those obligations. Id. at 5. Generally, the Government asserts it will comply with all of its obligations, discerns no particularized request in any of these "opposed in-part" motions, and opposes any request by Defendant that would exceed the Government's obligations under applicable rules or controlling authority.

The Court has reviewed and considered Defendant's Motions, docs. 32, 33, 34, 35, 37. At this time, there is no particularized request that needs to be addressed. Furthermore, Defendants' requests do not ask the Government to act in any manner that would exceed the Government's obligations under applicable rules or controlling authority. Rather, the motions largely ask the Government to comply with its disclosure obligations. Thus, the Court **GRANTS as unopposed** Defendant's Motions, see docs. 32, 33, 34, 35, 37.

**II.     Defendant's Motion to Dismiss (Doc. 29)**

Defendant asks the Court to dismiss Counts One and Three of the Indictment, both of which are conspiracy charges. Doc. 29 (Count One: Conspiracy to Commit Wire and Bank Fraud; Count Three: Money Laundering Conspiracy). Defendant argues the allegations in Counts One and Three are insufficient to support the conspiracy charges because the allegations fail to identify any agreement, fail to adequately identify any coconspirators, and fail to distinguish between innocent victims and purported coconspirators. Id. at 1–3. Defendant argues he is unable to prepare a defense without surprise at trial because of the lack of clarity in the indictment. Id. at 2. The Government argues the indictment in this case sufficiently alleges the charged offenses and there is no requirement that indictments identify any coconspirators.

3

Doc. 43 at 2–3.  Consequently, the Government argues Defendant's Motion to Dismiss should be denied.  Id.

There are two conspiracy charges in this indictment, and Defendant argues the allegations supporting both are insufficient.  Count One charges Conspiracy to Commit Wire and Bank Fraud.  Doc. 3 at 7.  Count One expressly alleges Defendant conspired with "other co-conspirators, known and unknown" to commit wire and bank fraud.  Id.  Count One alleges Defendant and others worked to obtain EIDL and PPP loans (loan programs administered by the Small Business Administration and established by the Coronavirus Aid, Relief, and Economic Security ("CARES") Act).  Count One describes, essentially, three aspects of the purported conspiracy: (1) Defendant submitted EIDL applications to the SBA on behalf of businesses he owned and operated, doc. 3 at 8–9; (2) Defendant submitted EIDL applications to the SBA on behalf of businesses owned and operated by other individuals, and Defendant received a "kickback" from those individuals based on a percentage of the amount of the fraudulent EIDL received[1], id. at 9–12; and (3) Defendant submitted fraudulent PPP applications, including one for a business in Defendant's name, id. at 12.

Count Three charges Money Laundering Conspiracy, and alleges Defendant "and others known and unknown" conspired to commit money laundering.  Doc. 3 at 14.  Count Three goes on to allege Defendant and others conducted transactions designed to conceal and disguise the nature, location, source, ownership, and control of proceeds from the unlawful activity set forth in Counts One and Two.  Id.  The indictment alleges Defendant and others also engaged in

---

[1]   Eight of these other individuals are identified in the indictment by anonymized descriptors (e.g., Individual 1, Individual 2, etc.).  Doc. 3 at 10–11.  For these eight individuals and associated transactions, the transaction dates and their amounts are specified in the indictment.  Defendant's counsel confirmed at the November 2, 2022 hearing he has determined the names of these eight individuals based on the discovery materials produced by the Government.  Doc. 48 at 23.

transactions to avoid reporting requirements under State and Federal law on proceeds from the unlawful activity set forth in Counts One and Two. Id. at 14–15. Finally, the indictment alleges Defendant and others engaged in transactions valued at more than $10,000 that were derived from fraud schemes involving EIDL funds and PPP funds. Id. at 15. Defendant argues the allegations in Counts One and Three are insufficient, and the charges should be dismissed.

"An indictment is sufficient if it (1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequence prosecution for the same offense." United States v. Chalker, 966 F.3d 1177, 1190 (11th Cir. 2020) (holding indictment charging conspiracy was sufficient where it "literally tracked the relevant statutory language) (quoting United States v. Woodruff, 296 F.3d 1041, 1046 (11th Cir. 2002)). Additionally, an indictment alleging a conspiracy is sufficient if it alleges a defendant conspired with another person, even if the indictment does not name the co-conspirators. See United States v. Stapleton, 39 F.4th 1320, 1330 (11th Cir. 2022); United States v. Daniels, 135 F. App'x 305, 308 (11th Cir. 2005). "As long as the crime and the elements of the offense that sustain the conviction are fully and clearly set out in the indictment, the right to a grand jury is not normally violated by the fact that the indictment alleges more crimes or other means of committing the same crime." United States v. Augustin, 661 F.3d 1105, 1116 (11th Cir. 2011) (quoting United States v. Miller, 471 U.S. 130, 136 (1985)).

The allegations in the indictment supporting Counts One and Three are sufficient and Defendant's Motion to Dismiss should be denied. The indictment sets forth the elements of the two conspiracy offenses charged, notifies Defendant of the charges to be defended against, and

would enable Defendant to rely upon a judgment on these charges as a bar against double jeopardy.  That is all that is required under controlling authority.  See Chalker, 966 F.3d at 1190.

Defendant suggests the allegations are insufficient because he cannot identify the purported coconspirators, but an indictment need not specifically identify coconspirators to be valid.  See Stapleton, 39 F.4th at 1330.  Even so, Defendant argues the allegations are still insufficient because he cannot discern what agreement was formed, or who was involved in the agreement, to form the conspiracy.  This argument is unconvincing.  First, Defendant fails to point to any controlling authority that would require an indictment to contain sufficient allegations for a defendant to determine precisely what agreement was formed and who formed that agreement.  To the contrary, the caselaw demonstrates an indictment is sufficient so long as it sets forth the essential elements of the offense, and this one does.  Additionally, the indictment does contain allegations that point to the potential agreements supporting the conspiracy charges. Count One alleges Defendant submitted EIDL applications to the SBA on behalf of businesses owned and operated by other individuals, and Defendant received a "kickback" from those individuals based on a percentage of the amount of the fraudulent EIDL received.  Doc. 3 at 9–12.  These allegations point to cooperation between the individuals identified in the indictment and Defendant in furtherance of the conspiracy.[2]  Likewise, Count Three alleges Defendant and others were engaged in various financial transactions designed to hide proceeds from the fraudulent activities described in Counts One and Two, and to avoid reporting requirements.  Id.

---

[2]    Defendant argued at the November 2, 2022 hearing that the discovery materials produced by the Government suggested that the individuals were not knowing participants in any unlawful scheme, but were unwitting bystanders—potentially, even victims.  Assuming that is true, it would still not support granting Defendant's Motion to Dismiss.  At most, these circumstances would suggest the Government may be unable to prove these individuals were part of the conspiracy; it does not render the indictment facially insufficient.

at 14–15. These allegations sufficiently describe the nature of the alleged conspiracy and the participants in the conspiracy.[3]

For these reasons, the allegations in the indictment supporting Counts One and Three are sufficient and dismissal is not warranted. Therefore, I **RECOMMEND** the Court **DENY** Defendant's Motion to Dismiss.

### III.     Defendant's Motion for a Pretrial James Hearing (Doc. 38)

Defendant moves the Court to hold a pretrial hearing based on United States v. James, 590 F.2d 575 (5th Cir. 1979), which would allow the Court to determine if there is proper foundation for the admissibility of a coconspirator's declarations under Federal Rule of Evidence 801(d)(2)(E). Doc. 38 at 1. The Government opposes the request, arguing a pretrial hearing is not required and any admissibility determination should be made at trial. Doc. 43 at 6.

In considering the admissibility of coconspirator hearsay statements, the trial court may consider both the coconspirator's statements and independent, external evidence. Bourjaily v. United States, 483 U.S. 171, 181 (1987). The trial court has the discretion to determine the admissibility of those statements at a pretrial James hearing or during the course of trial. United States v. Van Hemelryck, 945 F.2d 1493, 1497–98 (11th Cir. 1991) ("The district court has discretion to admit the statements subject to proof of these [foundational requirements for admissibility] during the course of the trial.") (citing United States v. Fernandez, 797 F.2d 943, 945 (11th Cir.1986), *cert. denied*, 483 U.S. 1006 (1987); United States v. Norton, 755 F.2d 1428,

---

[3]     At the November 2, 2022 hearing, the parties addressed portions of the Count One allegations that ostensibly only relate Defendant's fraudulent behavior with regards to his own businesses—i.e., allegations that Defendant fraudulently applied for EIDL and PPP loans for businesses he owned and controlled, without any apparent third-party involvement. The Government asserted these allegations described the fraudulent scheme generally, but conceded the allegations on their own would not support a conspiracy conviction. Regardless, the presence of these additional allegations does not undermine the other conspiracy allegations, and does not support dismissal of Count One or Three. On this record, there is no basis to carve out these allegations from the indictment.

1431 (11th Cir.1985)); see also United States v. Roe, 670 F.2d 956, 962–64 (11th Cir.), *cert. denied*, 459 U.S. 856 (1982) (holding the trial court's failure to hold a James hearing was not error and the court was not required to find a James hearing would be impractical before deciding to forego it).

Defendant's request for a James hearing is connected to his Motion to Dismiss. Defendant's counsel explained at the November 2, 2022 hearing that he believes he is unable to identify who the alleged conspirators are and what agreement allegedly existed from the indictment or from the discovery already produced.  Doc. 48 at 26.  Defendant's counsel argued a James hearing would be valuable because it would require the Government to identify the individuals who it contends are coconspirators, the nature of the agreement, and all out-of-court statements made by those individuals the Government intends to rely on.  Doc. 48 at 25.  In effect, Defendant argues a James hearing would force the Government's hand to affirmatively identify what Defendant contends is absent from the indictment—namely, the coconspirators, the nature of any conspiratorial agreement, and statements by such coconspirators.

The Government, on the other hand, maintains Defendant can identify any potential coconspirators from the discovery it has produced.  The Government also represents it had not, at the time of the November 2, 2022 hearing, identified any written statements from any coconspirator it intended to use at trial.  Doc. 48 at 20.  As a result, the Government maintained that a James hearing at this point in the litigation would be difficult or impossible because the Government would need to "sort of speculat[e] as to what witnesses are going to say at trial." Id. at 19.  That said, the Government stated it "believe[s] there are going to be written statements" introduced at trial, it just could not commit to the existence or form of those statements at the time of the November 2, 2022 hearing.  Id. at 19.

On this record, I decline to grant Defendant's request for a pretrial James hearing. Importantly, at this point, no party has identified any potential coconspirator hearsay statement to be considered at a James hearing. Defendant's desire to have the Government commit to the use of particular statements by particular coconspirators is understandable. But the Government expressly represented at the November 2, 2022 it was unaware of any such statements. Conducting a James hearing without either party identifying any disputed statements would likely be a wasted endeavor. A James hearing at this point would require the Court to consider and rule on the admissibility of theoretical witness statements that *might* exist. For this reason, I **DENY** Defendant's Motion. However, the Government also stated it expected it would seek to rely on some written statements at trial, even though it had not yet identified any. Presumably, the Government will promptly produce such statements to Defendant when and if the Government identifies any such statements. If that occurs, Defendant may re-urge his request for a pretrial James hearing so that the Court can assess the admissibility of such statements.[4]

**IV      Defendant's Motion to Interview Government Informants Prior to Trial (Doc. 39)**

Defendant moves the Court to order the Government to provide him with the identity and present location of all unindicted co-conspirators the Government expects to call as witnesses. Doc. 39. Defendant further asks the Court include an instruction that the Government refrain from obstructing efforts by Defendant's counsel to interview these persons. Id. In the alternative, Defendant asks the Court to order the Government to make those witnesses available at a convenient time and location. Id. The Government opposes this request to the extent

---

[4]  The parties acknowledged that the request for a James hearing does not apply to oral testimony given at trial by a coconspirator. A James hearing would relate only to known out-of-court statements made by coconspirators, upon which the Government intends to rely. Admissibility determinations concerning oral testimony from a coconspirator should be made by the judge presiding at trial as the testimony is presented.

Defendant is asking the Court to require the Government to present its witnesses for interviews or to provide a list of witnesses or coconspirators.  Doc. 43 at 6.

"It is clear that the government [has] no duty, absent a court order, to present its witnesses for interviews; the government's duty [is], simply, not to deny access."  United States v. Pepe, 747 F.2d 632, 655 (11th Cir. 1984) (citing Weatherford v. Bursey, 429 U.S. 545, 549 (1977)).  Defendant argues the lack of identification of his coconspirators in the indictment is a justification for requiring the Government to present its witnesses for interviews.  Doc. 39 at 1–2.  Defendant cites no authority for this proposition, and the Court is aware of none.  Additionally, the Government has a liberal discovery policy, and the Government represents Defendant can identify potential Government witnesses within that discovery.  Doc. 43 at 6–7.  Additionally, nothing before the Court suggests any of the witnesses were under Government protection or could only be found with the Government's cooperation, or that the Government has purposely hidden witnesses.  See Pepe, 747 F.2d at 654–55.  Therefore, the Court **DENIES in part** Defendant's Motion, to the extent he requests the Government to present its witnesses for interviews.

Defendant is also not entitled to a list of the Government's potential witnesses.  "A criminal defendant has no absolute right to a list of the government's witnesses in advance of the trial."  United States v. Johnson, 713 F.2d 654, 659 (11th Cir. 1983).  Again, Defendant relies on the indictment's alleged lack of specificity concerning the identities of coconspirators as justification for needing the Government's potential witnesses.  Defendant cites no authority for this proposition, and the Court is aware of none.  As explained above, the Government was not required to name coconspirators in the indictment.  And the Government's liberal discovery policy suggests there are other means to identify witnesses.  Indeed, Defendant has already been

10

able to identify several potential Government witnesses within that discovery. Doc. 43 at 6–7. Therefore, the Court **DENIES in part** Defendant's Motion with regard to the portion that asks the Court to order the Government to produce a list of potential witnesses.

The Government does not object to Defendant's request that the Government refrain from obstructing efforts by Defendant's counsel to interview potential witnesses. Therefore, the Court **GRANTS in part** Defendant's Motion. The Government should refrain from obstructing efforts by Defendant's counsel to interview its potential witnesses, including but not limited to, discouraging them from consenting to an interview by Defendant's counsel.

## CONCLUSION

For the foregoing reasons, I **GRANT as unopposed** the following Motions:

1. Defendant's Motion for Rule 807 Residual Exception Disclosure, doc. 30.
2. Defendant's Motion for Information Regarding Bad Prior Acts by Defendant and Coconspirators, doc. 31.
3. Defendant's Motion for Copy of Defendant's Statements, doc. 32.
4. Defendant's Motion for Notice by the Government of Intention to Use Evidence, doc. 33.
5. Defendant's Motion for Co-Conspirator's Hearsay Exceptions, doc. 34.
6. Defendant's Motion to Determine Voluntariness of Statements, doc. 35.
7. Defendant's Motion to Preserve Evidence, doc. 36.
8. Defendant's Motion for Substance of Promises or Plea Bargains, doc. 37.
9. The Government's Motion for Reciprocal Discovery, doc. 42.

Additionally, I **DENY** Defendant's Motion for a Pre-Trial <u>James</u> Hearing. Doc. 38. I **DENY in part** and **GRANT in part** Defendant's Motion to Interview Government Informants. Doc. 39. I also **RECOMMEND** the Court **DENY** Defendant's Motion to Dismiss. Doc. 29.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint or argument raised in briefing must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 22nd day of December, 2022.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA