# In the United States District Court
# For the Southern District of Georgia
# Savannah Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | * |
| | * |
| | *   CASE NO.: 4:22-cr-84 |
| v. | * |
| | * |
| BERNARD OKOJIE | * |
| | * |

### ORDER

The Court has conducted an independent and de novo review of the entire record and concurs with the Magistrate Judge's Report and Recommendation. Dkt. No. 53. Defendant filed Objections to this Report and Recommendation. Dkt. No. 55.

In his Objections, Defendant acknowledges the allegations contained in the Indictment "'point to the potential agreement supporting the conspiracy charged[]'" but contends the allegations are not sufficient to allow him to know what agreements were made or to identify the parties to these agreements to prepare for defense at trial. Id. at 2 (quoting Dkt. No. 53 at 6). Defendant states the allegations of the Indictment identify a group of transactions involving him and entities that he wholly owns and controls, and, therefore,

AO 72A
(Rev. 8/82)

cannot support a conspiracy. In addition, Defendant states the Indictment sets forth other transactions with individuals who are only identified in discovery materials but who are not named in the Indictment as defendants or unindicted co-conspirators. Id. Defendant contends there is nothing in the discovery materials indicating the grand jurors were made aware a person cannot conspire with his wholly owned and controlled entities. Thus, Defendant concludes the conspiracy counts are insufficient, as one cannot determine if the grand jury relied on an appropriate theory of the crimes when considering the charges. Id. at 2-3.

Defendant made these same assertions in support of his Motion to Dismiss, including citations to some of the same caselaw. Compare Dkt. No. 29 at 1-3 with Dkt. No. 55 at 2-3. The Magistrate Judge considered Defendant's arguments in support of his Motion to Dismiss and correctly rejected them. Dkt. No. 55 at 3-7. The cases Defendant cites anew in his Objections merely support arguments the Court has considered and rejected.

For example, in Hamling v. United States, the United States Supreme Court determined an indictment generally is sufficient if it sets forth the words of the statute itself, if "'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence to be punished.'" 418 U.S. 87, 117

(1974)(quoting United States v. Carll, 105 U.S. 611, 612 (1882)). The Indictment in this case meets the standard set forth in Hamling. Defendant also cites United States v. Simmons, 96 U.S. 360, 362-64 (1877), but that case stands for the general principle that an indictment is generally sufficient if its sets out the statutory elements and apprises the accused of the nature of the accusation against him. Simmons does not, however, demonstrate the Indictment in this case falls short of those requirements. These cases present nothing the Magistrate Judge did not consider or anything new for the Court's consideration.

The assertions Defendant makes in his Objections have been considered and appropriately rejected. Thus, the Court **OVERRULES** Defendant's Objections and **CONCURS** with and **ADOPTS** the Magistrate Judge's Report and Recommendation as the opinion of the Court. The Court **DENIES** Defendant's Motion to Dismiss Counts One and Three of the Indictment and Corresponding Portions of the Forfeiture Allegations, dkt. no. 29.

SO ORDERED, this __17__ day of __January__, 2023.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA